**STATE v. IKARD**

[117 N.C. App. 460 (1994)]

STATE OF NORTH CAROLINA v. PAUL DURAND IKARD

No. 9425SC642

(Filed 20 December 1994)

### Criminal Law § 1522 (NCI4th)— defendant's voluntary activation of sentence—no right to appeal

Where the trial court activated defendant's sentence upon his voluntary election to serve the sentence in lieu of the remainder of his probation and not as a result of a finding of a violation of probation, defendant had no right to appeal from his activated sentence. N.C.G.S. § 15A-1347.

### Am Jur 2d, Criminal Law § 578.

Appeal by defendant from judgment entered 27 April 1994 by Judge James U. Downs in Catawba County Superior Court. Heard in the Court of Appeals 19 December 1994.

On 30 September 1992, defendant pled guilty to possession of cocaine. Pursuant to a plea arrangement as to sentence, the trial court sentenced defendant to five years in prison, suspended with supervised probation for five years. On 26 April 1994, defendant pled guilty to second degree murder committed on 21 July 1992. The trial court sentenced him to twenty-five years in prison. On 27 April 1994, defendant voluntarily elected to serve his sentence for possession of cocaine in lieu of probation. The trial court revoked defendant's probation, activated his sentence, and ordered the sentence to begin at the expiration of his sentence for second degree murder. Defendant appeals from the judgment and commitment upon revocation of probation.

*Attorney General Michael F. Easley, by Assistant Attorney General Julia R. Hoke, for the State.*

*W. Thomas Portwood, Jr., for defendant appellant.*

ARNOLD, Chief Judge.

Defendant argues that the trial court erred by ordering his activated sentence to be served consecutively to the previously entered sentence for second degree murder. Defendant contends the sentence should run concurrently because he elected to serve the prison sentence.

**STATE v. IKARD**

[117 N.C. App. 460 (1994)]

N.C. Gen. Stat. § 15A-1347 (1988) provides that "[w]hen a superior court judge, as a result of a finding of a violation of probation, activates a sentence . . . the defendant may appeal under G.S. 7A-27." In this case, the trial court activated defendant's sentence upon his voluntary election to serve the sentence in lieu of the remainder of his probation and not "as a result of a finding of a violation of probation." Therefore, defendant has no right to appeal from his activated sentence, and his appeal is dismissed.

Appeal dismissed.

Judges EAGLES and ORR concur.